**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**ERIE DIVISION**



RECEIVED

AUG 2 1 2025

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

ANTONIO TIRADO
647 West 8th Street, Apt. 2
Erie, PA 16502
Plaintiff, Pro Se,

v.

OFFICER FRANCIS FUSCO, Pennsylvania State Police, in his individual and official capacities;
SGT. LANDFRIED, Erie Police Department, in his individual and official capacities;
TROOPER JAMES BABLAK, Pennsylvania State Police, in his individual and official capacities;
JOHN DOE OFFICER IN CAR #23, Erie Police Department, in his individual and official capacities;
THOMAS CARNEY, Magistrate, in his individual and official capacities;
PAUL BIZZARO, District Justice, in his individual and official capacities;
JEREMY LIGHTNER, Assistant District Attorney, in his individual and official capacities;
RACHEL GLASOE, Public Defender, in her individual and official capacities;
CITY OF ERIE, municipal entity;
PENNSYLVANIA STATE POLICE, state law enforcement agency,

Defendants.

Civil Action No.: **1:25-CV-263**

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. §§ 1983 AND 1985

**INTRODUCTION**

This action arises from an August 17, 2020 incident in Erie, Pennsylvania, in which Plaintiff alleges that Defendants, acting under color of state law, violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The claims include an intentional vehicle strike by a Pennsylvania State Police officer with an Erie Police Department sergeant as passenger, subsequent assault while handcuffed, denial of medical care, fabrication of charges, suppression of evidence, irregularities in criminal

1

docketing, and ineffective assistance of court-appointed counsel.

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 to seek redress for violations of his constitutional rights by law enforcement officers, judicial officers, a prosecutor, and appointed defense counsel.
2. On August 17, 2020, Defendant Officer Francis Fusco, driving a PSP patrol vehicle with Sgt. Landfried in the passenger seat and his passenger door open, intentionally struck Plaintiff's motorcycle.
3. The impact caused Plaintiff to be thrown into the open passenger door where Sgt. Landfried was seated.
4. Plaintiff alleges this was a deliberate use of force in violation of the Fourth Amendment, not an accident or incidental contact.
5. Following the strike, Plaintiff was assaulted while restrained, transported to a police station instead of a hospital, denied timely medical care, and later subjected to fabricated charges.
6. Critical surveillance and video evidence was suppressed, the criminal docket number was altered, and Plaintiff's counsel failed to preserve or present exculpatory material in violation of the Sixth Amendment.

## II. JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(3).
8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all Defendants reside in and the events occurred within the Western District of Pennsylvania, Erie Division.

## III. PARTIES

9. Plaintiff Antonio Tirado is an adult citizen of Erie County, Pennsylvania.
10. Defendant Francis Fusco is a Pennsylvania State Police officer who operated the PSP vehicle involved in the incident.
11. Defendant Sgt. Landfried is an Erie Police Department officer who was a passenger in the PSP vehicle and whose door Plaintiff was thrown into.
12. Defendant Trooper James Bablak is a Pennsylvania State Police officer involved in handling evidence related to the incident.
13. Defendant John Doe Officer in Car #23 is an Erie Police officer alleged to have assaulted Plaintiff after he was restrained.
14. Defendant Thomas Carney is a Magistrate alleged to have participated in issuing a defective warrant.
15. Defendant Paul Bizzaro is a District Justice alleged to have approved defective warrants

and irregular docket changes.

16. Defendant Jeremy Lightner is an Assistant District Attorney alleged to have suppressed exculpatory evidence and engaged in malicious prosecution.

17. Defendant Rachel Glasoe is a Public Defender alleged to have failed to investigate, obtain key evidence, or challenge docket changes.

18. Defendant City of Erie is the municipal entity responsible for the policies, customs, and training of the Erie Police Department.

19. Defendant Pennsylvania State Police is a state law enforcement agency responsible for policies, customs, and training of its troopers.

## IV. FACTUAL ALLEGATIONS

24. On August 17, 2020, Plaintiff was lawfully operating a motorcycle in Erie, Pennsylvania, without a helmet.

25. Defendant Fusco, driving a marked PSP patrol vehicle with Defendant Sgt. Landfried in the passenger seat and his door open, approached Plaintiff.

26. Without lawful justification, Fusco intentionally used the PSP vehicle to strike Plaintiff's motorcycle.

27. The impact threw Plaintiff into the open passenger door beside Sgt. Landfried.

28. The incident occurred directly in front of Erie County Prison ("ECP"), whose cameras recorded the event.

29. No ECP video was disclosed to Plaintiff; upon information and belief, it was suppressed or destroyed.

30. After the impact, Plaintiff was taken to the ground, handcuffed, and assaulted by an EPD officer in Car #23.

31. Plaintiff did not resist after being restrained.

32. Plaintiff requested medical attention at the scene.

33. No ambulance was called; instead, he was transported to the PSP station.

34. At PSP barracks, Plaintiff again requested medical treatment.

35. Officers eventually transported him to a hospital in a police vehicle, not an ambulance.

36. At the hospital, Plaintiff was uncuffed and left without charges, warrant, or paperwork.

37. Plaintiff voluntarily provided a blood sample.

38. A DUI charge was later fabricated to justify the seizure.

39. Plaintiff left the hospital without signing out due to fear and confusion.

40. Law enforcement made no attempt to locate Plaintiff for over a month.

41. No photos of the motorcycle or scene were taken at the time.

42. Evidence was submitted nine days later.

43. Discovery revealed no signed warrant existed on the incident date.

44. A later warrant bore stamped signatures from another judge and was signed August 25, 2020.

45. Plaintiff's original docket number, CP-429-2020, was changed to CR-935-2021.

46. Plaintiff alleges the change was intended to conceal procedural defects.

47. Suppressed evidence included ECP video, civilian videos, and defense witness statements.

48. Fusco's MVR footage was a copy, not original, with mismatched timestamps.

49. Lab reports contained conflicting drug weights.

50. Evidence handling showed chain-of-custody violations involving Defendant Bablak.

51. Plaintiff subpoenaed a witness for his suppression hearing; the witness was not called.

52. Defendant Glasoe failed to investigate, seek ECP video, or interview witnesses.

53. Glasoe waived Plaintiff's preliminary hearing without consent.

54. Glasoe failed to challenge the docket change.

## V. CLAIMS FOR RELIEF

Count I – Excessive Force (Fourth and Fourteenth Amendments) – Graham v. Connor, 490 U.S. 386 (1989); Tennessee v. Garner, 471 U.S. 1 (1985)

Count II – False Arrest / Unlawful Seizure – Dunaway v. New York, 442 U.S. 200 (1979)

Count III – Malicious Prosecution – Halsey v. Pfeiffer, 750 F.3d 273 (3d Cir. 2014)

Count IV – Denial of Medical Care – Estelle v. Gamble, 429 U.S. 97 (1976)

Count V – Failure to Intervene – Smith v. Mensinger, 293 F.3d 641 (3d Cir. 2002)

Count VI – Monell Liability – Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)

Count VII – Civil Conspiracy – Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)

Count VIII – Brady Violations – Brady v. Maryland, 373 U.S. 83 (1963)

Count IX – Judicial Misconduct – Stump v. Sparkman, 435 U.S. 349 (1978)

Count X – Ineffective Assistance – Strickland v. Washington, 466 U.S. 668 (1984)

## VI. DAMAGES

Physical injuries, emotional distress, financial losses, reputational harm.

## VII. PRAYER FOR RELIEF

a. Compensatory damages;
b. Punitive damages;
c. Declaratory judgment;
d. Injunctive relief;
e. Attorneys' fees and costs;
f. Other just relief.

## VIII. JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

*[signature]*

Antonio Tirado, Pro Se
647 West 8th Street, Apt. 2
Erie, PA 16502
(305) 501-3867
[Date] JULY 16TH, 2025