**Exhibit F**

Witness Statement - Text messages confirming crash and video deletion under duress.

10:27

(814) 737-7756

Text Message
Aug 9, 2021, 8:43 PM

> Yea man them mosquitoes killed me

I tried looking at my email I can't find anything from that phone I remember having it restarted at one point n it erased everything

> It doesn't erase
>
> We will get it
>
> Either way we already talked about what happened and what we have to do

I'm saying I had deleted everything on that phone because of it going black on me then it got stolen a week later and yea we can still try bro ill help

The old email is what I have now I looked at it n there nothing there from that old phone but the one I

10:27

(814) 737-7756

> It's just the facts you know

Yea bro I know

> I wasn't doing anything wrong you know

Yea u were just riding like a normal person would be

> Exactly

They just had nothing to do that day

> It's the fact that they hit me off my bike

Yea they couldn't have stopped u like a normal traffic stop they used their bumper to knock you off

> Then used excessive force

> We will get that video

**10:27**



(814) 737-7756

He said let me see the video n trying to take it saying we need it for evidence n i told him I deleted it

Ok good

Thats when he called me a duck head

Wow

Did he like scare you into deleting it

Not really no i just didn't want him taking my only phone cuz I ain't have money to buy a new one

I figured that

Did he see you erase the video

Yea I wasn't working back then I was struggling to get a phone got one and I think so he was mainly focused on u

10:27 



(814) 737-7756

He tried to but I didn't let them said I can get arrested for interfering

What exactly did he say to you

Can you remember exactly

Just told me to go before they arrest me for getting in between n tired to get up close to me to make it seem like I touched him

Wow

What he say when he went and looked at ya phone

I can't remember its been a while to be honest I don't even know what I did last week

If only can remember

He said let me see the video n trying to take it saying we need it for evidence n i told him I deleted it

 
     

10:27



(814) 737-7756 >

have now i don't know how to get stuff from that old phone

I tried asking people and they said try and call the company and they can try to help me restore it

> Yes they will restore it I think

I hope so

> I hope so too my brother

I'm tryina help out as much as I can

> Yes I appreciate it
> So much

No problem bro I help out as much as I can

> It's just the facts you know

Yea bro I know

1  violation; correct?
2      A.    We activated the lights on 18th Street once we
3  were behind the vehicle.
4      Q.    No, the first time you said you activated the
5  lights after the violation.
6      A.    Lights and sirens were activated, yes.
7      Q.    Okay. So there was a witness, as you can see;
8  right? Right there. I subpoenaed him today. He did not
9  show up. Because he would be able to testify and have video
10 of the whole incident, but he's afraid. But --
11         MR. MASKREY: Your Honor, I'm going to have to
12     object and ask that he ask a question.
13         THE COURT: Objection sustained.
14         THE DEFENDANT: I subpoenaed him, Your Honor.
15         THE COURT: That's not the issue right now.
16     You're to ask questions to Corporal Landfried about
17     what he just testified.
18         THE DEFENDANT: So --
19         THE COURT: You'll have a chance to make your
20     arguments.
21
22 BY THE DEFENDANT:
23     Q.    So you said that I was shaking my head and I
24 said I'm not -- I ain't fucking stopping.
25     A.    That's correct.

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : IN THE COURT OF COMMON PLEAS |
| V | : OF ERIE COUNTY PENNSLYVANIA |
| **ANTONIO   TIRADO** | : CRIM. DOC. NO. 935-2021 |

## EX PARTE NOTICE OF INTENT
## TO CALL WITNESSES/REQUEST FOR SUBPEONAS

**AND NOW**, comes Defendant, Antonio Tirado, *pro se*, files this "Notice" of his intent to "subpoena" Rasim Buric to testify.

Defendant submits the following in support:
1. A criminal complaint was filed initiating defendant's criminal prosecution.
2. On the day in question defendants submits Rasim Buric (the "Witness") had witnessed "*key*" factual constituents of the day in question.
3. Defendant submits that the witnesses' testimony is *incumbent* to the preparation and presentation of a meaningful defense.
4. Defendant submits that the witness "*also*" has additional information in the form of evidence (video footage) which bears relevance to this case *sub judice* that the witness would be testifying to.

**WHEREFORE**, based upon the aforementioned, defendant request that this court enter an order instructing the court administrator to issue to defendant three (3) subpoenas.

Respectfully submitted

_____

Antonio Tirado
Pro se Litigant
524 East 2nd street
Erie, Pa. 16503
814-924-3704

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE COURT OF COMMON PLEAS |
| V | : OF ERIE COUNTY PENNSLYVANIA |
| ANTONIO   TIRADO | : CRIM. DOC. NO. 935-2021 |

## EX PARTE NOTICE OF INTENT
## TO CALL WITNESSES/REQUEST FOR SUBPEONAS

**AND NOW**, comes Defendant, Antonio Tirado, *pro se*, files this "Notice" of his intent to "subpoena" the following District Magistrate Judge(s) ("DMJ"), Thomas Carney, Paul A. Bizzaro, and Timothy Beveridge to testify at his upcoming Suppression hearing.

Defendant submits the following in support:

1. On August 18, 2020, an *"alleged"* *arrest warrant* was filed for the arrest of the defendant.
2. According to police records the warrant was allegedly *sworn to* and *signed by* DMJ Carney--*two (2) days "before" the criminal complaint was "actually" submitted to DMJ Bizzaro for review and issuance.*
3. Defendant submits Pa. R. Crim. P. mandates that *"before a warrant may issue for the arrest of an individual a criminal complaint **must** 1st be submitted to an issuing authority for review,"* see Rule 513 (B)(1)
4. Defendant submits that the issuance of the arrest warrant *before* the criminal complaint was submitted for review and issuance raises *"troubling concerns pertaining the institution of his criminal prosecution—one of significant public importance"* of which can *"only"* be explained through testimonies of both DMJ Carney and Bizzaro.
5. In addition, defendant submits that, DMJ Beveridge's testimony is incumbent to question *"his"* review of the arrest warrant information defined pursuant to Pa. R. Crim. P.  Rule 513 (A), specifically, his *"obligation to"- sua sponte- review his jurisdiction (i.e. that the initiation of the criminal prosecution of defendant was properly commenced through the proper procedural steps by law, as well as the jurisdiction of the prior DMJ,* before preliminarily arraiging the defendant.

**WHEREFORE**, based upon the aforementioned, defendant request that this court enter an order instructing the court administrator to issue to defendant three (3) subpoenas and place the higher court's on notice of this intent to have