IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO M. TIRADO, | ) | |
|     Plaintiff, | ) | C.A. No. 25-263 Erie |
| v. | ) | |
| | ) | |
| OFFICER FRANCIS FUSCO, et al., | ) | District Judge Susan Paradise Baxter |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff Antonio M. Tirado, an adult resident of Erie County, Pennsylvania, commenced this proceeding on August 21, 2025, by filing a motion to proceed *in forma pauperis* [ECF No. 1] and attaching to it a "complaint" directed against the following named Defendants: Officer Francis Fusco ("Fusco") and Trooper James Bablak of the Pennsylvania State Police; Sgt. Landfried and "John Doe in Car #23" of the Erie Police Department; Magisterial District Judges Thomas Carney and Paul Bizzaro; Erie County Assistant District Attorney Jeremy Lightner; Erie County Public Defender Rachel Glasoe; the City of Erie; and the Pennsylvania State Police ("PSP").

This action arises from a traffic incident that occurred on August 17, 2020. Plaintiff alleges that Defendant Fusco, "driving a PSP patrol vehicle with Sgt. Landfried in the passenger seat and his passenger door open, intentionally struck Plaintiff's motorcycle" causing Plaintiff to be "thrown into the open passenger door." (ECF No. 1-1, at ¶¶ 2-3). Plaintiff alleges further that, "[f]ollowing the strike, [he] was assaulted while restrained, transported to a police station instead of a hospital, denied timely medical care, and later subjected to fabricated charges." (Id. at ¶ 5). In addition, Plaintiff alleges that "[c]ritical surveillance and video evidence was suppressed, the

1

criminal docket number was altered, and Plaintiff's counsel failed to preserve or present exculpatory material in violation of the Sixth Amendment." (Id. at ¶ 6).

Based on the foregoing allegations, Plaintiff asserts ten causes of action against unidentified Defendants:

> Count I – Excessive Force
> Count II – False Arrest/Unlawful Seizure
> Count III – Malicious Prosecution
> Count IV – Denial of Medical Care
> Count V – Failure to Intervene
> Count VI – Monell Liability
> Count VII – Civil Conspiracy
> Count VIII – Brady Violations
> Count IX – Judicial Misconduct
> Count X – Ineffective Assistance

As relief for his claims, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II. DISCUSSION

### A. Screening Under 28 U.S.C. § 1915(e)(2)

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d

---

[1] This provision was formerly codified as 28 U.S.C. §1915(d).

Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

**B.** **Statute of Limitations**

It is evident from the face of the complaint that a number of Plaintiff's claims are barred by the applicable statute of limitations. It is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in

3

determining that an action must be filed no later than two years from the date the cause of action accrued. Id. at 599-600.

Under federal law, "'the statute of limitations begins to run on the first date that the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress.'" Kichline v. Consolidated Rail Corporation, 800 F.2d 356, 359 (3d Cir.1987), cert. denied, 475 U.S. 1108 (1986), quoting Zeleznick v. United States, 770 F.2d 20, 23 (3d Cir. 1985). Thus, in general, a claim accrues in a federal cause of action "as soon as a potential claimant either is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong." Keystone Insurance Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988).

Here, the incidents that form the basis of Plaintiff's claims under Counts I (excessive force), II (false arrest/unlawful seizure), IV (denial of medical care), and V (failure to intervene), all are alleged to have occurred on or soon after August 17, 2020, five years prior to the filing of this action. Thus, those claims are barred by the applicable statute of limitations and will be dismissed.

As for Plaintiff's claims of Monell liability (Count VI) and civil conspiracy (Count VII), it is unclear when Plaintiff knew or should have known of the existence of such claims since the complaint contains no allegations whatsoever to support them. That being said, the last incident referenced in the complaint from a chronological standpoint is the refiling of Plaintiff's criminal charges at a different criminal docket number in May 2021 (ECF No. 1, at p. 4, ¶ 45; ECF No. 1-15, at p. 1). Using this date as the latest date Plaintiff would or should have had knowledge of the

underlying basis for his claims at Counts VI and VII, such claims still fall well beyond the reach of the applicable statute of limitations and will be dismissed accordingly.

### C.    Malicious Prosecution

In Count III of the complaint, Plaintiff asserts a malicious prosecution claim stemming from the nine-month delay in filing criminal charges against him. To establish a malicious prosecution claim under 42 U.S.C. § 1983, Plaintiff must show that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007), citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

Here, Plaintiff is unable to establish a malicious prosecution claim, as a matter of law, because he has not shown that the underlying criminal proceeding ended in his favor. In fact, at the time of the filing of the instant lawsuit, it appears that the criminal proceedings were still pending. As a result, Count III of the complaint will be dismissed as frivolous

### D.    Counts VIII, IX and X

The last three causes of action asserted by Plaintiff all fail because they are not cognizable under 42 U.S.C. § 1983. In particular, Count VIII asserts a claim based on Brady violations, which is a claim sounding in habeas corpus and, therefore, inappropriate under Section 1983. See Skinner v. Switzer, 562 U.S. 521, 536 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983").

Plaintiff's remaining claims – judicial misconduct (Count IX) and ineffective assistance (Count X) - are premised on alleged constitutional deficiencies in his criminal case. Though not at all clear, Plaintiff appears to contend that, during those proceedings, he was deprived of the effective assistance of counsel and subjected to judicial misconduct. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [.]" Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (footnote and citation omitted). Likewise, a plaintiff is not entitled to declaratory relief if success on his claims would necessarily demonstrate the invalidity of a not-yet-invalidated conviction or sentence. See Edwards v. Balisok, 520 U.S. 641, 646–48 (1997).

Here, the complaint indicates that Plaintiff's criminal proceedings were still ongoing at the time this case was filed and, thus, there has been no conviction, let alone a conviction that has not yet been reversed or otherwise invalidated. Accordingly, the Court will dismiss plaintiff's claims under Counts IX and X because they are not cognizable under § 1983.

### III.  CONCLUSION

Because Plaintiff would not be able to cure any of the foregoing deficiencies by amendment, the "complaint" must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

An appropriate Order follows.